# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **MICHAEL D. EISENHAUER,**<br>**1641 Goodstein Drive**<br>**Casper, Wyoming**<br><br><br>          **Plaintiff,**<br><br>**vs.**<br><br><br>**SECRETARY OF THE ARMY,**<br><br>          **Defendant.** | **Civil Action No. _____** |

**SERVE:**     **CHIEF, LITIGATION DIVISION**
               **OFFICE OF THE JUDGE ADVOCATE GENERAL**
               **HQ, DEPARTMENT OF THE ARMY**
               **101 ARMY PENTAGON**
               **WASHINGTON, DC  30310**

## COMPLAINT FOR INJUNCTIVE RELIEF

      **COMES NOW** the Plaintiff, **MICHAEL D. EISENHAUER,** by counsel, and moves this Court for the issuance of an Order requiring the Defendant to comply with Plaintiff's request for disclosure of records, and in support of his Complaint, the Plaintiff states as follow:

      1.     This is an action under the Freedom of Information Act (hereinafter "FOIA"), as amended, 5 U.S.C. § 552(a) and the Privacy Act of 1974 (hereinafter "PA"), as amended, 5 U.S.C. § 552a, to order the production of agency records concerning (a) two administrative reports of investigation that were conducted by order of the Commander, Western Regional Medical Command at Fort Lewis, Washington, and (b) additional agency records pertaining to

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

the Plaintiff under the Madigan Army Medical Center Personnel Health Program (hereinafter the "MPHP").

2.     This court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 552a(g)(1).

3.     Venue is properly laid in this court.  At all times relevant to this Complaint, Madigan Army Medical Center (hereinafter the "MAMC") and the Western Regional Medical Command, both located at Fort Lewis, Washington, were the custodians of the requested records. At all times relevant to this Complaint, Plaintiff was an active duty commissioned officer in the United States Army and Board certified cardiologist stationed at Fort Lewis, Washington.  On December 1, 2010, Plaintiff retired from active duty and now resides in Wyoming.

4.     Plaintiff is the requestor of the records which Defendant is withholding.  Plaintiff is a whistleblower relating to certain unlawful activities at MAMC involving at least two other cardiologists, both of whom were his former military supervisors.  Based in part on information provided by Plaintiff, an investigation was conducted by the Major Procurement Fraud Unit of the regional Criminal Investigations Command ("CID") office in concert with other federal investigative agencies.

5.     As a result of this investigation, one of these superiors has entered into a written plea agreement to plead guilty to having accepted an unlawful gratuity from a prohibited source and is scheduled for sentencing.   In a related action, the defense medical supply contractor that had paid this Army doctor the unlawful gratuity entered into a civil Settlement Agreement and paid a substantial settlement amount as a consequence of its having paid illegal gratuities during the period from January 2006 through February 2009.

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

6.      Plaintiff was reassigned from Fort Bliss, Texas to MAMC in July 2007.  Prior to his departure from Fort Bliss, Plaintiff was told by his prospective supervisor at MAMC that Plaintiff was not wanted at MAMC, and unsuccessful efforts were made at MAMC to divert his assignment. On August 2, 2007, upon his arrival at MAMC, Plaintiff appeared before the Credentials Committee at MAMC as a standard procedure in seeking clinical privileges at MAMC.  The Committee required him to enroll in the Madigan Personnel Health Program as a condition of granting him clinical privileges at MAMC.  The Committee's action was prompted by an administrative, non-judicial written reprimand Plaintiff had received while still assigned at Fort Bliss, Texas, stemming from a complaint from a disgruntled civilian employee.   The reprimand was not related to patient care or Plaintiff's clinical privileges in any way and was designated for filing only in Plaintiff's local personnel file at Fort Bliss.

7.      The Committee's referral of Plaintiff to the Madigan Personnel Health Program was in violation of the Military Mental Health Evaluation Protection Act (hereinafter "MMHEPA"), National Defense Authorization Act of 1993, Pub. L. No. 102-484 (certain provisions codified at 10 U.S.C. § 1074), as there was no evidence to warrant such referral and the Committee failed to first consult with a mental healthcare provider before referring Plaintiff for a routine mental health evaluation. Plaintiff has never been diagnosed as having any psychiatric condition, personality disorder, or other mental health condition.   Subsequently Plaintiff was told by one of his supervisors (who has since agreed to plead guilty to having accepted an illegal gratuity) that he and other physicians at Madigan Army Medical Center had attempted to block Plaintiff's medical privileges because they suspected Plaintiff would not ignore evidence of improper conduct.

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

8.      In January 2008, Plaintiff's supervisor (then an active duty Colonel and the Chief of Cardiology) issued a written instruction to members of the cardiology department that pacemakers from a particular defense medical supply contractor should be used whenever possible.   Plaintiff questioned the basis for this instruction, but Plaintiff's question went unanswered.  In March 2008, Plaintiff again reported his concerns about suspected improprieties in cardiology medical supply purchasing procedures to senior officers at MAMC, but no apparent action was taken.

9.      In May 2008, Plaintiff met with the Commanding General (the "CG"), MAMC, under her "Open Door" policy and reported the suspected improprieties in cardiology medical supply purchasing procedures and evidence of an improper relationship between this defense medical supply contractor and the Chief of Cardiology as well as a Major who also was a staff cardiologist.  The CG promised to look into the matters, but Plaintiff heard nothing further, and the CG retired shortly thereafter.

10.      In June 2008, the Major was designated as the new Chief of Cardiology ahead of Plaintiff (who was that month himself promoted to Colonel) and ahead of two other physicians, both senior in rank and experience to the Major.  The previous Chief of Cardiology, a Colonel, retired from active duty and continued to practice at MAMC as a civil service physician.  In July 2008, Plaintiff discovered documentary evidence of additional suspected improper sole source purchases from this same defense medical supply contractor.   Plaintiff duly reported this information on or about August 7, 2008 to the Chief of Medicine and then, upon the instruction of proper authority, to the local regional contracting officer, the MAMC Inspector General, and to the local Army Major Procurement Fraud Unit (part of Criminal Investigation Command

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

(commonly referred to as "CID")).   Anticipating there would be retaliation, Plaintiff specifically requested protection under the Military Whistleblower Protection Act, 10 U.S.C. § 1034.

11.     In violation of the Military Whistleblower Protection Act, Plaintiff received a written counseling statement by the Chief of Medicine (who was in Plaintiff's rating chain) for having reported the suspected misconduct to the CG and other authorities.  Also in apparent retaliation, Plaintiff was denied funding for Continuing Medical Education courses and then designated to deploy to Iraq as a battalion surgeon (normally a Captain's position, three grades lower than his then-current rank) even though Plaintiff previously had been authorized to seek a grade-appropriate deployment assignment.   After extensive effort, Plaintiff eventually was released from the battalion surgeon detail and deployed for seven months to Iraq where he served with distinction as Deputy Surgeon and Chief, Clinical Operations in a grade-appropriate position at Corps and Forces level, with additional duties as the personal physician to the Commander, Multi-National Forces-Iraq and the entire General Staff.   As a result of his distinguished service in a combat zone, the Plaintiff was awarded the Bronze Star Medal.

12.     While he was deployed, the Plaintiff had an extended telephone conference with Major General Patricia Horoho on or about May 26, 2009.  Major General Horoho was then serving as the CG of both MAMC and Western Regional Medical Command (hereinafter "WRMC").  The telephone conference was about Plaintiff's belief that certain officers at MAMC had wrongfully attempted to deny his application for medical privileges at MAMC; had improperly selected a Major as Chief of Cardiology; had improperly referred him for psychiatric evaluation and to the Madigan impaired provider program (MPHP); and had attempted to submit prejudicial Officer Evaluation Reports to Human Resources Command, all in violation of the

Military Whistleblower Protection Act and after Plaintiff had reported the suspected procurement fraud to the IG and law enforcement authority.

13.     Major General Horoho then appointed Colonel Virgil ("Tom") Deal, an Army physician and prior Madigan Army Medical Center Commanding Officer, to conduct an administrative investigation concerning these issues under Army Regulation 15-6.  Colonel Deal interviewed witnesses, collected evidence, prepared a written report, and submitted the report to Major General Horoho.  For reasons unknown to Plaintiff, no action was taken on Colonel Deal's report of investigation, and Major General Horoho then appointed Colonel Carol Pierce, an Army nurse, to re-investigate the same issues.  Colonel Pierce subsequently completed and submitted her report to Major General Horoho.

14.     Upon his return in September 2009, Plaintiff was reassigned to a staff, non-clinical position at Headquarters, WRMC, under the command of Major General Horoho.  During this time, he was not allowed to practice clinical medicine in his specialty, which resulted in skill degradation and jeopardized his national board-certified status.   During Plaintiff's deployment and throughout the remainder of Plaintiff's assignment at WRMC, CID and other federal agencies continued to investigate Plaintiff's previously reported allegations of misconduct and procurement fraud.

15.     By letter dated February 16, 2010, Plaintiff requested copies of the two administrative reports of investigation that had been conducted on order of Major General Horoho.  A copy of this letter is attached as **Exhibit 1.**  At the time of the request, the requested records were in the custody of the Western Regional Medical Command at Fort Lewis, Washington.

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

16.     The Department of the Army is an agency of the United States and has possession of the records and documents that the Plaintiff seeks.

17.     When no reply or acknowledgement was provided by Army Medical Command ("MEDCOM"), an appeal was taken on April 13, 2010 to the Office of the Army General Counsel as a "deemed denial of the request."  A copy of this appeal is attached as **Exhibit 2.**

18.     By letter dated May 17, 2010, MEDCOM replied to Plaintiff's request and withheld the entirety of the first investigation and substantial portions of the second investigation.  A copy of the MEDCOM letter is attached as **Exhibit 3.**

19.     By letter dated March 8, 2010, the Plaintiff requested access to all records and documents pertaining to himself under the Madigan Army Hospital Personnel Health Program ("MPHP").  A copy of this letter is attached as **Exhibit 4.**

20.     When MEDCOM again failed to provide any response, the Plaintiff filed an appeal on April 13, 2010, with the Office of the Army General Counsel.  A copy of this letter is attached as **Exhibit 5.**

21.     By letter dated September 10, 2010, the Army General Counsel concurred with MEDCOM'S actions regarding the first request for the two administrative reports of investigation.  With respect to Plaintiff's separate request for his MPHP records, the Army General Counsel concluded that MEDCOM had failed to respond to this request and remanded the appeal to MEDCOM for action.  A copy of the Army General Counsel's letter is attached as **Exhibit 6.**

22.     By letter dated October 19, 2010, MEDCOM determined that the requested MPHP records were exempt from release under both the Privacy Act and the Freedom of Information Act.  A copy of the MEDCOM denial is attached as **Exhibit 7.**

**Wood & Jones, P.S.**
303 N. 67th Street
Seattle WA 98103-5209
(206) 623-4382

23.     Plaintiff filed a timely appeal with the Office of the Army General Counsel.  By letter dated February 14, 2011, the Army General Counsel concluded that MEDCOM had properly withheld Plaintiff's MPHP records and denied the appeal.  A copy of the Army General Counsel's letter is attached as **Exhibit 8.**

24.     Plaintiff has been subjected to acts of reprisal and other improper conduct during his assignment at MAMC and needs the requested records in order to amend his military personnel and medical professional records.

25.     Plaintiff has a right of access to the requested records under 5 U.S.C. § 552(a)(3) and 5 U.S.C. § 552a(g)(1), as there was no legal basis for Defendant's denial of such access.

**WHEREFORE**, Plaintiff requests this court to:

1.     Order Defendant to provide access to the requested records;

2.     Expedite this proceeding as provided for in 28 U.S.C. § 1657;

3.     Award Plaintiff his costs and reasonable attorney fees in this action as provided in 5 U.S.C. § 552(a)(4)(E) and 5 U.S.C. § 552a(g)(3)(B); and

4.     Grant such other and further relief as may be deemed just and proper.

Respectfully submitted,

WOOD & JONES, P.S.

*Denice E. Moewes*
Denice E. Moewes, WSB#19464
Attorney for Plaintiff
Michael Eisenhauer



**EXHIBIT**

**1**

RAYMOND H. SUTTLE
B M MILLNER
RALPH M. GOLDSTEIN
JOHN T. TOMPKINS, III
CONWAY H. SHEILD, III
DAVID W. OTEY
HERBERT V. KELLY, JR.
ALLEN C. TANNER, JR.
RICHARD B. DONALDSON, JR.
DAVID W. OTEY, JR.
MICHAEL B. WARE
ROBYN HYLTON HANSEN
LEONARD C. HEATH, JR.
RAYMOND H. SUTTLE, JR.
BRYAN H. SCHEMPF
HELENA S. MOCK
MATTHEW D. MEADOWS
J. VANCE STALLINGS
SUSAN E. LUSCOMB
WALLACE B. WASON, JR.

# Jones, Blechman, Woltz & Kelly, P.C.

## Attorneys and Counselors at Law

701 TOWN CENTER DRIVE, SUITE 800
POST OFFICE BOX 12888
NEWPORT NEWS, VIRGINIA 23612-2888
(757) 873-8000
FACSIMILE: (757) 873-8103

485 McLAWS CIRCLE
WILLIAMSBURG, VIRGINIA 23185
(757) 259-5700
FACSIMILE: (757) 259-5717

ARTHUR W. WOLTZ, 1905-1993
THOMAS N. DOWNING, 1919-2001
SVEIN J. LASSEN, 1947-2006
HERBERT V. KELLY, 1920-2007

REBECCA L. SHWAYDER AMAN
JENNIFER L. MUSE
NICHOLAS R. HOBBS
JOSEPH F. VERSER
GENEVA N. PERRY
CHRISTOPHER L. RATHLEV
ROBERT Q. JOHNSON

REPLY TO: Newport News
Direct Dial No. (757) 873-8110
Internet E-Mail Address: bschempf@jbwk.com

February 16, 2010

## VIA REGULAR AND CERTIFIED MAIL RETURNED-RECEIPT

Major General Philip Volpe
Commander, Western Regional Medical Command
9040 Fitzsimmons Avenue
Ft. Lewis, Washington 98431

Re: **Colonel Michael D. Eisenhauer - Freedom of Information Act/Privacy Act Request**

Dear Major General Volpe:

Please be advised that this firm represents Colonel Michael D. Eisenhauer. This confirms Colonel Eisenhauer's verbal request to your predecessor, Major General Horoho, for complete copies of the AR 15-6 investigations that were conducted recently by Colonel Tom Deal and Colonel Carol Pierce at the direction of General Horoho. This request is made under both the federal Freedom of Information Act (5 U.S.C. sec. 552) and Privacy Act (5 U.S.C. sec. 552a). We are willing to pay reasonable search and photocopying charges but request that any such fees be waived.

In accordance with Army regulations, in the event you believe portions of the reports of investigation are not releasable, then please produce those portions of the investigations that are not subject to any basis for withholding. In particular, I would appreciate receiving the memorandum of appointment both investigating officers received.

As you are aware, the statutes and regulations prescribe specific time periods in which such requests for information must be processed. Because these reports of investigation involve

Jones, Blechman, Woltz & Kelly, P.C.

Page 2

matters of considerable importance to Colonel Eisenhauer's professional career, I would greatly appreciate your asking your staff to contact me at any of the means listed above for the Newport News office if I can provide any information or assistance pertaining to this request.

Thank you for your assistance.

Very truly yours,

JONES, BLECHMAN, WOLTZ & KELLY, P.C.

Bryan H. Schempf

BHS/acr

cc:  Colonel Michael D. Eisenhauer
     Denice Moewes, Esquire

(#481210)/65673.003

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Major General Phillip Volpe
Commander, Western Regional
Medical Command
9040 Fitzsimmons Avenue
Ft. Lewis, Washington
                98431

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Earl E Clemente_

B. Received by ( Printed Name )     C. Date of
_Earl Clemente_

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☒ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)     7008 1830 0000 7418 2238

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-154

65673.003



RAYMOND H. SUTTLE
B.M. MILLNER
RALPH M. GOLDSTEIN
JOHN T. TOMPKINS, III
CONWAY H. SHEILD, III
HERBERT V. KELLY, JR.
ALLEN C. TANNER, JR.
RICHARD B. DONALDSON, JR.
DAVID W. OTEY, JR.
MICHAEL B. WARE
ROBYN HYLTON HANSEN
LEONARD C. HEATH, JR.
RAYMOND H. SUTTLE, JR.
BRYAN H. SCHEMPF
HELENA S. MOCK
MATTHEW D. MEADOWS
J. VANCE STALLINGS
SUSAN E. LUSCOMB
WALLACE B. WASON, JR.

# Jones, Blechman, Woltz & Kelly, P.C.
## Attorneys and Counselors at Law

701 TOWN CENTER DRIVE, SUITE 800
POST OFFICE BOX 12888
NEWPORT NEWS, VIRGINIA 23612-2888
(757) 873-8000
FACSIMILE: (757) 873-8103

485 McLAWS CIRCLE
WILLIAMSBURG, VIRGINIA 23185
(757) 259-5700
FACSIMILE: (757) 259-5717

**REPLY TO: Newport News**
Direct Dial No. (757) 873-8110
E-Mail Address: bschempf@jbwk.com

ARTHUR W. WOLTZ, 1905-1975
THOMAS N. DOWNING, 1919-2001
SVEIN J. LASSEN, 1947-2006
HERBERT V. KELLY, 1920-2007

*OF COUNSEL*
DAVID W. OTEY

REBECCA L. SHWAYDER AMAN
JENNIFER L. MUSE
NICHOLAS R. HOBBS
JOSEPH F. VERSER
GENEVA N. PERRY
CHRISTOPHER L. RATHLEV
ROBERT Q. JOHNSON

April 13, 2010

## *VIA REGULAR MAIL AND CERTIFIED MAIL RETURNED-RECEIPT REQUESTED*

**THRU**: Commander, U.S. Army Medical Command
The Surgeon General
**Attn: Freedom of Information/Privacy Acts Office (MCPA)**
1216 Stanley Road, Second Floor
Ft. Sam Houston, TX 78234-5049

**TO**: Secretary of the Army
**Attn: General Counsel**
101 Army Pentagon
Washington, DC 20310-0101

> **Re: Deemed Denial of Freedom of Information Act/Privacy Act Request
> By Colonel Michael D. Eisenhauer**

Dear Ladies and Gentlemen:

Enclosed is a copy of a Freedom of Information Act/Privacy Act Request dated February 16, 2010 that was sent to Major General Philip Volpe, Commander, Western Regional Medical Command and which was received at his office on February 19, 2010. Other than a telephone call from his Executive Officer, there has been no response to this request although I am aware that the request is under review at MEDCOM Headquarters.

Under AR 25-55, paragraph 1-512 subsection c, the processing time limits of the Freedom of Information Act apply. Because there has been no written acknowledgement of the request within the ten (10) working day period and there has been no request for an extension

## Jones, Blechman, Woltz & Kelly, P.C.

Page 2

of time, please be advised that on behalf of Colonel Eisenhauer, the requestor, the delay is deemed a *de facto* denial.

Please forward this appeal together with all documents that are the subject of the original request to the Secretary of the Army, and to the attention of the General Counsel. Please send me a copy of your transmittal letter.

If you have any questions, please contact me. Thank you for your assistance.

Very truly yours,

JONES, BLECHMAN, WOLTZ & KELLY, P.C.

Bryan H. Schempf

BHS/acr

Enclosure

cc:  Colonel Michael D. Eisenhauer
     Denice Moewes, Esquire

(#485584)/65673.003

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

1. Article Addressed to:

Commander, U.S. Army Medical Command
The Surgeon General
Attn:  FOIA/PA Office (MCPA)
1216 Stanley Road, 2nd Floor
Ft. Sam Houston, TX 78234-
                           5049

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)    7008 1830 0000 7417 8651

PS Form 3811, February 2004    Domestic Return Receipt    65673.003    102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To  Commander, U.S. Army Medical Command
Attn: FOIA/PA (MC PA)
Street, Apt. No.; or PO Box No.  1216 Stanley Rd, 2nd Floor
City, State, ZIP+4  Ft. Sam Houston, TX 78234-5049

7008 1830 0000 7417 8651

PS Form 3800, August 2006    See Reverse for Instructions

CERTIFIED MAIL™
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE



EXHIBIT

3

DEPARTMENT OF THE ARMY
HEADQUARTERS, UNITED STATES ARMY MEDICAL COMMAND
1216 STANLEY RD
FORT SAM HOUSTON, TEXAS 78234-5049

REPLY TO
ATTENTION OF

Freedom of Information/
  Privacy Act Office (Case# 10-00419)

17 May 2010

Mr. Bryan H. Schempf
Jones, Blechman, Woltz & Kelly, P.C.
701 Town Center Drive, Suite 800
Post Office Box 12888
Newport News, Virginia 23612-2888

Dear Mr. Schempf,

       This is in response to your Freedom of Information Act/Privacy Act request dated
16 February 2010 for complete copies of the AR 15-6 investigations that were
conducted by Colonel Tom Deal and Colonel Carol Pierce at the direction of Major
General Horoho.  Your request was received by this office on 25 February 2010.  The
documents responsive to your request were referred by Madigan Army Medical Center,
Fort Lewis Washington, to the Headquarters, US Army Medical Command, Freedom of
Information/Privacy Act Office for processing and direct response to you.  The
documents were processed in accordance with the Freedom of Information Act (FOIA) 5
United States Code (U.S.C.) § 552, and the Privacy Act (PA) 5 U.S.C. § 552a.  We
apologize for the delay in responding to your request.

       The AR 15-6 investigation conducted by COL Tom Deal was pre-decisional and
has been withheld pursuant to FOIA Exemption (b)(5). The AR 15-6 investigation
conducted by Colonel Carol Pierce, responsive to your request, is enclosed. Certain
information has been withheld and has been redacted based on the following Freedom
of Information Act exemptions:

- Exemption (b)(3)[10 USC § 1102] protects the confidentiality of records including
  medical quality assurance records created by or for the Department of Defense as
  part of a medical quality assurance program which are confidential and privileged.

- Exemption (b)(5) permits an agency to withhold information in inter-agency or intra-
  agency documents of a pre-decisional nature that would not be discoverable by a
  party in litigation with the agency, including information subject to the deliberative
  process privilege. Exemption 5 protects against the premature disclosure of
  documents before they are finally adopted and protects against public confusion that
  might result from disclosure of reasons and rationales that may not ultimately be the
  grounds for an agency's action.

- Exemption (b)(6) covers information in personnel or similar files, such as social security numbers, e-mail addresses, and evaluation information, the disclosure of which would constitute a clearly unwarranted invasion into the personal privacy of a third person. When weighing the public interest in knowing how the government works against the privacy interests of individual persons, we may conclude that the requested record contains data of a personal nature and that no significant public interest will be served in the release of that information.

In our 29 June 2009 response to COL Eisenhauer's FOIA request for documents, it was noted that the Credentials Manager, Madigan Army Medical Center, had provided COL Eisenhauer with Quality Assurance documents that were exempt from release pursuant to FOIA exemption (b)(3). Though Quality Assurance information may have been previously provided to COL Eisenhauer, Quality Assurance protected information is being withheld in accordance with FOIA Exemption (b)(3)[10 USC § 1102].

Because your request has been partially denied, you are advised of your right to appeal this determination to the Secretary of the Army. If you decide to appeal at this time, your appeal must be submitted within 60 days of the date of this letter. In your appeal, you must state the basis for your disagreement with the denial and the justification for the release of information associated with your request for this command. Your appeal should be addressed to: CDR U.S. Army Medical Command, Attention: Freedom of Information/Privacy Acts Office (MCPA), 1216 Stanley Road, 2nd Floor, Fort Sam Houston, Texas 78234-5049, for forwarding, as appropriate, to the Office of the Secretary of the Army. Please enclose a copy of this letter along with your appeal. To ensure proper processing of any appeal the letter and the envelope should both bear the notation, "Privacy Act/Freedom of Information Act Appeal."

Should you have any questions regarding this action I may be reached at (210) 221-7826 or email john.peterson1@amedd.army.mil.

Respectfully,

John P. Peterson
Chief, Freedom of Information
Act/Privacy Act Office
U.S. Army Medical Command

Enclosure



RAYMOND H. SUTTLE
B.M. MILLNER
RALPH M. GOLDSTEIN
JOHN T. TOMPKINS, III
CONWAY H. SHEILD, III
DAVID W. OTEY
HERBERT V. KELLY, JR
ALLEN C. TANNER, JR.
RICHARD B. DONALDSON, JR.
DAVID W. OTEY, JR.
MICHAEL B. WARE
ROBYN HYLTON HANSEN
LEONARD C. HEATH, JR.
RAYMOND H. SUTTLE, JR.
BRYAN H. SCHEMPF
HELENA S. MOCK
MATTHEW D. MEADOWS
J. VANCE STALLINGS
SUSAN E. LUSCOMB
WALLACE B. WASON, JR

**Jones, Blechman, Woltz & Kelly, P.C.**

Attorneys and Counselors at Law

701 TOWN CENTER DRIVE, SUITE 800
POST OFFICE BOX 12888
NEWPORT NEWS, VIRGINIA 23612-2888
(757) 873-8000
FACSIMILE: (757) 873-8103

485 McLAWS CIRCLE
WILLIAMSBURG, VIRGINIA 23185
(757) 259-5700
FACSIMILE: (757) 259-5717

THOMAS N. DOWNING, 1919-2001
SVEIN J. LASSEN, 1947-2006
HERBERT V. KELLY, 1920-2007

REBECCA L. SHWAYDER AMAN
JENNIFER L. MUSE
NICHOLAS R. HOBBS
JOSEPH F. VERSER
GENEVA N. PERRY
CHRISTOPHER L. RATHLEV
ROBERT Q. JOHNSON

REPLY TO: Newport News
Direct Dial No. (757) 873-8110
Internet E-Mail Address: bschempf@jbwk.com

March 8, 2010

*VIA REGULAR, ELECTRONIC AND CERTIFIED MAIL RETURNED-RECEIPT*

Colonel Jerome Penner, III
Commander, Madigan Army Medical Center
9040 Fitzsimmons Avenue
Ft. Lewis, Washington 98431

Re: **Colonel Michael D. Eisenhauer - Freedom of Information Act/Privacy Act Request**

Dear Colonel Penner:

Based on your email message to Colonel Michael D. Eisenhauer on February 8, 2010, you are aware that I am one of his civilian attorneys. Please regard this letter as his request for a complete copy of all records and documents pertaining to him under the Madigan Personnel Health Program ("MPHP") which has been established by MAMC Regulation 40-60 and Army Regulation 40-68. This request includes but is not limited to any referral of Colonel Eisenhauer to the MPHP; any minutes of the MPHP Committee that pertain to Colonel Eisenhauer; any statement of diagnosis, prognosis and implications by the MPHP psychiatrist or other evaluator; and all monthly or other periodic reports pertaining to Colonel Eisenhauer under the MPHP. This request is submitted under the provisions of both the Freedom of Information Act and the Privacy Act. Colonel Eisenhauer is prepared to pay reasonable search and photocopying costs but requests that such costs be waived in the interest of justice as authorized by regulation.

It is my understanding that these records are presently co-located with the Credentials Committee administrator's office. They are approximately ¾ inches thick. I would appreciate your taking such action as will ensure that these records are not destroyed, altered or removed. I am sending a copy of this letter to John P. Peterson, Chief of the Freedom of Information/Privacy Act Office at Headquarters, MEDCOM so he will be aware of this request.

Jones, Blechman, Woltz & Kelly, P.C.

Page 2

It is my understanding that Major General Horoho had directed that any and all references to Colonel Eisenhauer as having been referred to the MPHP were to be expunged. Colonel Eisenhauer recently reviewed his Provider Credentials File after having met with Major General Horoho, and his records still contained references to the MPHP. Accordingly, Colonel Eisenhauer requests a copy of any and all documents pertaining to any such expungement or similar action pertaining to him as is believed to have been directed by Major General Horoho. Once again, this request is submitted pursuant to the Freedom of Information Act and the Privacy Act.

If I can assist your staff in processing these requests, please ask them to contact me at my Newport News office listed above. Thank you for your assistance.

Very truly yours,

JONES, BLECHMAN, WOLTZ & KELLY, P.C.

Bryan H. Schempf

BHS/acr

cc:    John P. Peterson, MEDCOM FOIA/PA Coordinator
       Colonel Michael D. Eisenhauer
       Denice Moewes, Attorney at law

(#482338)/65673.003

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Col Jerome Penner, III
Commander, Madigan Army
Medical Center
940 Fitzsimmons Avenue
Ft. Lewis, Washington 98431

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Pamela J. Foe*
☐ Agent
☐ Addressee

B. Received by ( Printed Name )   *PAMELA J Foe*

C. Date of Delivery   *3-16-10*

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered       ☑ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7008 1830 0000 7418 2214

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

65673.003



RAYMOND H. SUTTLE
B.M. MILLNER
RALPH M. GOLDSTEIN
JOHN T. TOMPKINS, III
CONWAY H. SHEILD, III
HERBERT V. KELLY, JR.
ALLEN C. TANNER, JR.
RICHARD B. DONALDSON, JR.
DAVID W. OTEY, JR.
MICHAEL B. WARE
ROBYN HYLTON HANSEN
LEONARD C. HEATH, JR.
RAYMOND H. SUTTLE, JR.
BRYAN H. SCHEMPF
HELENA S. MOCK
MATTHEW D. MEADOWS
J. VANCE STALLINGS
SUSAN E. LUSCOMB
WALLACE B. WASON, JR.

## Jones, Blechman, Woltz & Kelly, P.C.
### Attorneys and Counselors at Law

701 TOWN CENTER DRIVE, SUITE 800
POST OFFICE BOX 12888
NEWPORT NEWS, VIRGINIA 23612-2888
(757) 873-8000
FACSIMILE: (757) 873-8103

485 McLAWS CIRCLE
WILLIAMSBURG, VIRGINIA 23185
(757) 259-5700
FACSIMILE: (757) 259-5717

F.O. BLECHMAN, 1905-1986
ARTHUR W. WOLTZ, 1905-1993
THOMAS N. DOWNING, 1919-2001
SVEIN J. LASSEN, 1947-2006
HERBERT V. KELLY, 1920-2007

OF COUNSEL
DAVID W. OTEY

REBECCA L. SHWAYDER AMAN
JENNIFER L. MUSE
NICHOLAS R. HOBBS
JOSEPH F. VERSER
GENEVA N. PERRY
CHRISTOPHER L. RATHLEV
ROBERT Q. JOHNSON

REPLY TO: Newport News
Direct Dial No. (757) 873-8110
E-Mail Address: bschempf@jbwk.com

April 13, 2010

## VIA REGULAR MAIL AND CERTIFIED MAIL RETURNED-RECEIPT REQUESTED

**THRU:** Commander, U.S. Army Medical Command
The Surgeon General
**Attn: Freedom of Information/Privacy Acts Office (MCPA)**
1216 Stanley Road, Second Floor
Ft. Sam Houston, TX 78234-5049

**TO:** Secretary of the Army
**Attn: General Counsel**
101 Army Pentagon
Washington, DC 20310-0101

> **Re: Freedom of Information Act/Privacy Act Request - Letter Sent To Colonel Jerome Penner Dated March 8, 2010 on Behalf of Colonel Michael D. Eisenhauer**

Dear Ladies and Gentlemen:

Enclosed is a copy of a Freedom of Information Act/Privacy Act Request dated March 8, 2010 that was sent to Colonel Jerome Penner, III, Commander, Madigan Army Medical Center. I received a written reply from attorney Melissa W. Hartley, the Deputy Center Judge Advocate at Madigan Army Medical Center dated March 19, 2010, explaining that Colonel Eisenhauer's MPHP file was being sent to attorney Rosalind Gagliano, the U.S. Army Medical Command Quality Assurance attorney.

Jones, Blechman, Woltz & Kelly, P.C.

Page 2


Under AR 25-55, paragraph 1-512 subsection c, the processing time limits of the Freedom of Information Act apply. Although there has been a written acknowledgement of the request, there has been no request for an extension of time. Please be advised that on behalf of Colonel Eisenhauer, the requestor, the delay is deemed a *de facto* denial.

Please forward this appeal together with all documents that are the subject of the request to the Secretary of the Army and to the attention of the General Counsel. Please send me a copy of your transmittal letter.

If you have any questions, please contact me. Thank you for your assistance.

Very truly yours,

JONES, BLECHMAN, WOLTZ & KELLY, P.C.

Bryan H. Schempf

BHS/acr

Enclosure

cc:  Colonel Michael D. Eisenhauer
     Denice Moewes, Esquire

(#485585)/65673.003

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To *Commander, US Army Medical*
Street, Apt. No.; *Attn: FOIA/PA (MCPA Command*
or PO Box No. *1216 Stanley Rd, 2d Floor*
City, State, ZIP+4 *Ft. Sam Houston, TX 78234-50¢*

PS Form 3800, August 2006          See Reverse for Instructions

7010 0290 0003 6053 0237

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Commander, US Army Medical Center
The Surgeon General
Attn: FOIA/PA Office (MCPA
1216 Stanley Road, 2nd Floor
Ft. Sam Houston, TX 78234-
                                    5049

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                       ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)            ☐ Yes

2. Article Number
   (Transfer from service label)     7010 0290 0003 6053 0237

PS Form 3811, February 2004     Domestic Return Receipt    *65673.003* 102595-02-M-1540



DEPARTMENT OF THE ARMY
OFFICE OF THE GENERAL COUNSEL
104 ARMY PENTAGON
WASHINGTON DC 20310-0104

September 10, 2010

Mr. Bryan H. Schempf
Jones, Blechman, Woltz & Kelly, P.C.
701 Town Center Drive, Suite 800
Newport News, Virginia 23612-2888

Dear Mr. Schempf:

This letter responds to your Freedom of Information Act (FOIA) appeal on behalf of your client, COL Michael Eisenhauer, dated June 24, 2010. Your appeal addressed two separate, but related, FOIA requests. The U.S. Army Medical Command (MEDCOM) partially denied your first request and has not yet responded to your second. Our review will address both requests.

We apologize for the delayed response to your appeal. The Army must address a large volume of FOIA demands and cannot always respond to appeals as quickly as we would like. We make it our practice to respond to appeals in the order received. The courts have sanctioned this method of handling FOIA cases. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976).

*The February 16, 2010 Request*

Your first request sought the two AR 15-6 Reports of Investigation that were conducted by COL Tom Deal and COL Carol Pierce, respectively. On April 13, 2010, you appealed MEDCOM's "deemed denial" of this request. Subsequently, on May 17, 2010, MEDCOM responded to this request.

MEDCOM withheld COL Deal's investigation in its entirety under Exemption 5 of the FOIA. 5 U.S.C. § 552(b)(5). MEDCOM partially released COL Pierce's investigation, withholding portions of it under Exemptions 3, 5, and 6. 5 U.S.C. § 552(b)(3), (b)(5), (b)(6). After carefully reviewing your appeal, we have determined that MEDCOM appropriately withheld this information. Accordingly, this portion of your appeal is denied.

*The Privacy Act*

Your appeal states that MEDCOM explained only why the requested reports were exempt from the FOIA, and not why they were exempt from the Privacy Act's access provision. A Privacy Act (PA) record cannot be withheld from the subject of the record based on a FOIA exemption alone. Rather, the Government can withhold such records only if they are exempt from both the Privacy Act and the FOIA.

The requested reports are exempt from the Privacy Act's access provision under 5 U.S.C. § 552a(k)(2). Subsection (k)(2) exempts "investigatory material compiled for law enforcement purposes, other than material within the scope of subsection (j)(2)[.]" However, the exemption's applicability is limited if the record's subject is "denied any right, privilege, or benefit that he would otherwise be entitled by Federal law, or for which he would otherwise be eligible, as a result of the maintenance of such material." In that case, the exemption applies only to information that would reveal the identity of a confidential source.

The requested reports are subject to subsection (k)(2) because they are "investigatory material compiled for law enforcement purposes." The term "law enforcement" has been interpreted broadly in the title 5 context to include civil and administrative (i.e. regulatory) investigations and functions. *See Jefferson v. DOJ*, 284 F.3d 172, 178 (D.C. Cir. 2002); *Schoenman v. FBI*, 573 F. Supp. 2d 119, 146 (D.D.C. 2008); *Johnson v. DEA*, No. 97-2231, 1998 U.S. Dist. LEXIS 9802, at *9 (D.D.C. June 25, 1998). In this case, subsection (k)(2) exempts the entire reports because, even though COL Eisenhauer received a written reprimand, he has not been denied any right, privilege, or benefit due to the reports. *See Viotti v. U.S. Air Force*, 902 F. Supp. 1331, 1335-36 (D. Colo. 1995) (holding that an Air Force Colonel's forced retirement resulted in a loss of a benefit, namely the tangible loss of expected pay). Accordingly, because the reports are exempt from the Privacy Act, MEDCOM appropriately reviewed them under the FOIA.

FOIA Exemption 3

MEDCOM withheld portions of COL Pierce's investigation under Exemption 3. 5 U.S.C. § 552(b)(3). Exemption 3 permits the Government to withhold information under the FOIA when it is prohibited from disclosure by another statute that either: "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion in the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." *Id.*

MEDCOM cited 10 U.S.C. § 1102 as the basis for its withholding under Exemption 3. 10 U.S.C. § 1102 protects the confidentiality of records, including medical quality assurance records, created by or for the Department of Defense as part of a medical quality assurance program. Section 1102(a) meets Exemption 3's requirements because it states that such records may not be disclosed to any person or entity, except as provided in certain exceptions identified in Section 1102(c). Likewise, Section 1102(f) specifically provides that medical quality assurance records "may not be made available to any person under section 552 of title 5." Your appeal did not cite any applicable exception from 1102(c) and our own review concluded that no exceptions apply. Accordingly, MEDCOM properly withheld portions of COL Pierce's report involving quality assurance records.

FOIA Exemption 5

MEDCOM withheld COL Deal's entire report, and portions of COL Pierces report, under the "deliberative process" privilege of Exemption 5. There are three bases for this privilege: (1) to encourage frank and open discussions on agency policy matters; (2) to protect against prematurely disclosing proposed policies before they are adopted; and, (3) to protect against public confusion that might result from disclosing reasons and rationales that were not, in fact, the grounds for an agency's actions. Information withheld under the privilege must be both "pre-decisional" and "deliberative." *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537 (D.C. Cir 1993).

"Pre-decisional" information includes intra-agency or inter-agency communications that are antecedent to the adoption of an agency decision. *Jordan v. Dep't of Justice*, 591 F.2d 753 (D.C. Cir. 1978). Courts have sanctioned a low threshold for agencies in establishing that a document is pre-decisional. The agency must merely state "what deliberative process is involved and the role played by the documents in issue in the course of that process." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980), *see also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 n.18 (1975). The overall deliberative process involved here is the investigation into COL Eisenhauer. The reports of investigating officers are pre-decisional within that deliberative process because they are not final in themselves, but rather must be reviewed and approved by the appointing authority.

The documents must also be "deliberative." Deliberative information consists of recommendations or opinions on legal, policy, or other matters. *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir.1975). In this case, investigators expressed opinions, comments, recommendations, and findings. COL Deal's report is deliberative because it was disapproved by the appointing authority. Portions of COL Pierce's report remain deliberative as well because they consist of recommendations, opinions, or comments that do not go directly to the report's approved findings. Accordingly, MEDCOM properly applied the privilege.

Furthermore, the reports' factual portions are protected under the deliberative process privilege. Facts may be withheld under two general types of circumstances. Under the first circumstance, if the document's author selected specific facts or distilled down a smaller number of facts from a larger group, that act alone can be deliberative in nature. *See Montrose Chem. Corp. v. Train*, 491 F.2d 63, 71 (D.C. Cir. 1974). Under the second circumstance, facts may be withheld if they are so intertwined with the expressed opinions and recommendations that their disclosure would reveal the agency's deliberations. *See, e.g., Horowitz v. Peace Corps*, 428 F.3d 271, 277 (D.C. Cir. 2005). The facts included in the reports meet both circumstances, and were properly withheld under the deliberative process privilege.

3

*Exemption 6*

MEDCOM also withheld names of certain personnel under Exemption 6, which permits agencies to withhold information about individuals contained in "personal and medical files and similar files," if disclosure would "constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The requested records meet this threshold because they are "similar" files. *See Dep't of State v. Washington Post*, 456 U.S. 595, 602 (1982) (interpreting "similar files" broadly to include all information that "applies to a particular individual").

Having met this threshold, the names must be withheld if the individuals' privacy interest in them outweighs the public's interest in their disclosure. The privacy interest must be substantial, in that it is "more than de minimis[.]" *See e.g. Multi Ag Media LLC v. USDA*, 515 F.3d 1224, 1229-30 (D.C. Cir. 2008). Although the privacy interest belongs to the individual, it is the agency that must determine "whether disclosure ... would compromise a substantial ... privacy interest[.]" *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749 (1989). Given the sensitive nature of these reports, the personnel who are identified in them have significant privacy interests at stake.

These privacy interests must be balanced against the public's interest in disclosure. Specifically, the public's interest is "the kind of public interest for which Congress enacted the FOIA," one that "sheds light on an agency's performance of its statutory duties." *Reporters Comm.*, 489 U.S. at 775 (1989). Information that does not directly reveal the operations or activities of the Federal government "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Id.* At 775. The requester must establish that disclosure is in the public interest by showing that the "public interest sought to be advanced is a significant one," and that "the information [sought] is likely to advance that interest." *National Archives and Records Administration v. Favish*, 541 U.S. 157 (2004). Releasing the information MEDCOM withheld under Exemption 6 would not shed additional light on government activities. Thus, we concur with MEDCOM 's withholdings under Exemption 6.

*The March 8, 2010 Request*

Your second request sought all records and documents pertaining to COL Eisenhauer under the Madigan Personnel Health Program. To date, MEDCOM has not responded to this request. Accordingly, we have remanded your request back to MEDCOM with instructions that they process the request and respond directly to you. MEDCOM will either provide you with the records, or justify why some, or all, of the records are exempt from release under both the Privacy Act and the FOIA.

*Vaughn Index*

Your appeal also states that the Army has failed to provide you with a *Vaughn* index. Requesters are not entitled to receive a *Vaughn* index during the administrative process. *See e.g. Bangoura v. U.S. Dep't of the Army*, 607 F. Supp. 2d 134, 143 n.8 (D.D.C. 2009). Rather, during the administrative process, agencies are only required to provide requesters with an adequate description of the responsive records that were withheld. MEDCOM has satisfied this requirement with regard to your first request and will satisfy this requirement with regard to the second request when it responds to you on remand.

*Conclusion*

Normally, this office's appellate review constitutes final action on behalf of the General Counsel, who has been designated by the Secretary of the Army to consider administrative appeals under the FOIA. However, with regard to your appeal of your February 16, 2010 request, this is the first time that the Army has explained why the requested reports are exempt from the Privacy Act. Accordingly, you may submit a response to this office presenting your objections to the use of 5 U.S.C. § 552a(k)(2). With regard to your second, remanded request, you may appeal MEDCOM's response to this office. Alternatively, you may choose to seek judicial review of this determination through the Federal court system in accordance with the FOIA, 5 U.S.C. § 552(a)(4)(B), and the PA, 5 U.S.C. § 552a(g)(1).

Sincerely,

Ronald J. Buchholz
Associate Deputy General Counsel



DEPARTMENT OF THE ARMY
HEADQUARTERS, UNITED STATES ARMY MEDICAL COMMAND
2050 WORTH ROAD
FORT SAM HOUSTON, TEXAS 78234-6000

REPLY TO
ATTENTION OF

Freedom of Information/
Privacy Act Office (Case 10-00419)

19 October 2010

Mr. Bryan H. Schempf
Jones, Blechman, Woltz & Kelly, P.C.
701 Town Center Drive, Suite 800
Newport News, Virginia 23612-2888

Dear Mr. Schempf:

This letter is in reference to the September 10, 2010 letter (enclosed) to you from Mr. Ronald J. Buchholz, Associate Deputy General Counsel, Army Office of the General Counsel. That letter addressed your Freedom of Information Act (FOIA) and Privacy Act appeal, dated June 24, 2010, in which you sought all records and documents pertaining to COL Eisenhauer under the Madigan Personnel Health Program.

Mr. Buchholz's letter stated, in relevant part: The "MEDCOM has not responded to this request. Accordingly, we have remanded your request to MEDCOM with instructions that they process the request and respond directly to you. MEDCOM will either provide you with the records, or justify why some, or all, of the records are exempt from release under both the Privacy Act and the Freedom of Information Act (FOIA)."

In accordance with that letter, with regard to your request for complete copies of the Madigan Personnel Health Program (MPHP) files pertaining to COL Michael Eisenhauer, M.D., MPHP records are exempt from both the Privacy Act and the FOIA. The requested reports are exempt from the Privacy Act's access provision under 5 USC § 552a(k)(2). Subsection (k)(2) exempts "investigatory material compiled for law enforcement purposes." The term "law enforcement" has been interpreted broadly in the title 5 context to include civil and administrative (i.e. regulatory) investigations and functions. In this case, subsection (k)(2) exempts the entire reports because, even though COL Eisenhauer received a written reprimand, he has not been denied any right, privilege or benefit due to the reports.

Additionally MPHP records are being withheld under Exemption 3. 5 U.S.C. § 552(b)(3) and AR 40-68, Clinical Quality Assurance, Appendix E-4.b. Exemption 3 permits the Government to withhold information under the FOIA when it is prohibited from disclosure by another statute that either: "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion in the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld."

25 10

10 USC § 1102 protects the confidentiality of records, including medical quality assurance records, created by or for the Department of Defense as part of a medical quality assurance program. Section 1102(a) meets Exemption 3's requirements as it states that such records may not be disclosed to any person or entity, except as provided in certain exceptions identified in Section 1102(c). Likewise, Section 1102(f) specifically provides that medical quality assurance records "may not be made available to any person under section 552 of title 5." Neither you nor your client asserted an exception, and no exception is apparent in Dr. Eisenhauer's situation, so the MPHP files requested are not releasable. Additionally, Army Regulation 40-68, Clinical Quality Assurance, Appendix E-4.b. specifies that all contents in the Provider's Credentials File (PCF) are QA information, protected under 10 USC §1102.

You may appeal this denial to the Secretary of the Army. If you decide to appeal, your letter of appeal must be submitted within 60 calendar days of the date of this letter. In your appeal, you must state the basis for your disagreement with the denial and the justification for the release of information associated with your request. Your appeal should be sent to the following address: U.S. Army Medical Command, Freedom of Information/Privacy Act Office, Attention: MCFP Bldg 126 Stop 76, 1216 Stanley Road, Fort Sam Houston, Texas 78234-5049, for forwarding, as appropriate, to the Office of the Secretary of the Army. Please enclose a copy of this letter along with your appeal. To ensure proper processing of any appeal, the letter and the envelope should both bear the notation, "Privacy Act/Freedom of Information Act Appeal."

Should you have any questions regarding this action, I may be reached at 210-221-7826 or john.peterson1@amedd.army.mil.

Sincerely,

John P. Peterson
Chief, Freedom of Information/
Privacy Act Office

Enclosure



**DEPARTMENT OF THE ARMY**
OFFICE OF THE GENERAL COUNSEL
104 ARMY PENTAGON
WASHINGTON DC  20310-0104

September 10, 2010

MEMORANDUM FOR UNITED STATES ARMY MEDICAL COMMAND, FREEDOM OF INFORMATION/PRIVACY ACT OFFICE, ATTN: MCFP, 1216 STANLEY ROAD, 2ND FL., FORT SAM HOUSTON, TX 78234-5049

SUBJECT:  Freedom of Information Act (FOIA) Appeal – Mr. Bryan H. Schempf

This letter is in regards to a FOIA appeal from Mr. Schempf, dated June 24, 2010. After reviewing Mr. Schempf's appeal, we have determined that MEDCOM did not respond to his second request. We have enclosed a copy of this request. Please respond directly to Mr. Schempf. If records are denied, please provide Mr. Schempf with appeal rights.

The requester has been advised of this action. A copy of our response to him is enclosed. Please process the responsive records, and release to the requester as appropriate. If you have any questions regarding this memorandum, please contact the undersigned at (703) 693-3669. Thank you for your attention to this matter.

Sincerely,

Nathan L. Mitchell
Assistant to the General Counsel

Encl.



**DEPARTMENT OF THE ARMY**
OFFICE OF THE GENERAL COUNSEL
104 ARMY PENTAGON
WASHINGTON DC 20310-0104

September 10, 2010

Mr. Bryan H. Schempf
Jones, Blechman, Woltz & Kelly, P.C.
701 Town Center Drive, Suite 800
Newport News, Virginia 23612-2888

Dear Mr. Schempf:

This letter responds to your Freedom of Information Act (FOIA) appeal on behalf of your client, COL Michael Eisenhauer, dated June 24, 2010. Your appeal addressed two separate, but related, FOIA requests. The U.S. Army Medical Command (MEDCOM) partially denied your first request and has not yet responded to your second. Our review will address both requests.

We apologize for the delayed response to your appeal. The Army must address a large volume of FOIA demands and cannot always respond to appeals as quickly as we would like. We make it our practice to respond to appeals in the order received. The courts have sanctioned this method of handling FOIA cases. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976).

*The February 16, 2010 Request*

Your first request sought the two AR 15-6 Reports of Investigation that were conducted by COL Tom Deal and COL Carol Pierce, respectively. On April 13, 2010, you appealed MEDCOM's "deemed denial" of this request. Subsequently, on May 17, 2010, MEDCOM responded to this request.

MEDCOM withheld COL Deal's investigation in its entirety under Exemption 5 of the FOIA. 5 U.S.C. § 552(b)(5). MEDCOM partially released COL Pierce's investigation, withholding portions of it under Exemptions 3, 5, and 6. 5 U.S.C. § 552(b)(3), (b)(5), (b)(6). After carefully reviewing your appeal, we have determined that MEDCOM appropriately withheld this information. Accordingly, this portion of your appeal is denied.

*The Privacy Act*

Your appeal states that MEDCOM explained only why the requested reports were exempt from the FOIA, and not why they were exempt from the Privacy Act's access provision. A Privacy Act (PA) record cannot be withheld from the subject of the record based on a FOIA exemption alone. Rather, the Government can withhold such records only if they are exempt from both the Privacy Act and the FOIA.

The requested reports are exempt from the Privacy Act's access provision under 5 U.S.C. § 552a(k)(2).  Subsection (k)(2) exempts "investigatory material compiled for law enforcement purposes, other than material within the scope of subsection (j)(2)[.]"  However, the exemption's applicability is limited if the record's subject is "denied any right, privilege, or benefit that he would otherwise be entitled by Federal law, or for which he would otherwise be eligible, as a result of the maintenance of such material."  In that case, the exemption applies only to information that would reveal the identity of a confidential source.

The requested reports are subject to subsection (k)(2) because they are "investigatory material compiled for law enforcement purposes."  The term "law enforcement" has been interpreted broadly in the title 5 context to include civil and administrative (i.e. regulatory) investigations and functions. *See Jefferson v. DOJ*, 284 F.3d 172, 178 (D.C. Cir. 2002); *Schoenman v. FBI*, 573 F. Supp. 2d 119, 146 (D.D.C. 2008); *Johnson v. DEA*, No. 97-2231, 1998 U.S. Dist. LEXIS 9802, at *9 (D.D.C. June 25, 1998).  In this case, subsection (k)(2) exempts the entire reports because, even though COL Eisenhauer received a written reprimand, he has not been denied any right, privilege, or benefit due to the reports. *See Viotti v. U.S. Air Force*, 902 F. Supp. 1331, 1335-36 (D. Colo. 1995) (holding that an Air Force Colonel's forced retirement resulted in a loss of a benefit, namely the tangible loss of expected pay).  Accordingly, because the reports are exempt from the Privacy Act, MEDCOM appropriately reviewed them under the FOIA.

FOIA Exemption 3

MEDCOM withheld portions of COL Pierce's investigation under Exemption 3.  5 U.S.C. § 552(b)(3). Exemption 3 permits the Government to withhold information under the FOIA when it is prohibited from disclosure by another statute that either: "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion in the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." *Id.*

MEDCOM cited 10 U.S.C. § 1102 as the basis for its withholding under Exemption 3.  10 U.S.C. § 1102 protects the confidentiality of records, including medical quality assurance records, created by or for the Department of Defense as part of a medical quality assurance program. Section 1102(a) meets Exemption 3's requirements because it states that such records may not be disclosed to any person or entity, except as provided in certain exceptions identified in Section 1102(c). Likewise, Section 1102(f) specifically provides that medical quality assurance records "may not be made available to any person under section 552 of title 5." Your appeal did not cite any applicable exception from 1102(c) and our own review concluded that no exceptions apply. Accordingly, MEDCOM properly withheld portions of COL Pierce's report involving quality assurance records.

FOIA Exemption 5

MEDCOM withheld COL Deal's entire report, and portions of COL Pierces report, under the "deliberative process" privilege of Exemption 5. There are three bases for this privilege: (1) to encourage frank and open discussions on agency policy matters; (2) to protect against prematurely disclosing proposed policies before they are adopted; and, (3) to protect against public confusion that might result from disclosing reasons and rationales that were not, in fact, the grounds for an agency's actions. Information withheld under the privilege must be both "pre-decisional" and "deliberative." *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1537 (D.C. Cir 1993).

"Pre-decisional" information includes intra-agency or inter-agency communications that are antecedent to the adoption of an agency decision. *Jordan v. Dep't of Justice*, 591 F.2d 753 (D.C. Cir. 1978). Courts have sanctioned a low threshold for agencies in establishing that a document is pre-decisional. The agency must merely state "what deliberative process is involved and the role played by the documents in issue in the course of that process." *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980), *see also NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 151 n.18 (1975). The overall deliberative process involved here is the investigation into COL Eisenhauer. The reports of investigating officers are pre-decisional within that deliberative process because they are not final in themselves, but rather must be reviewed and approved by the appointing authority.

The documents must also be "deliberative." Deliberative information consists of recommendations or opinions on legal, policy, or other matters. *Vaughn v. Rosen*, 523 F.2d 1136, 1143-44 (D.C. Cir.1975). In this case, investigators expressed opinions, comments, recommendations, and findings. COL Deal's report is deliberative because it was disapproved by the appointing authority. Portions of COL Pierce's report remain deliberative as well because they consist of recommendations, opinions, or comments that do not go directly to the report's approved findings. Accordingly, MEDCOM properly applied the privilege.

Furthermore, the reports' factual portions are protected under the deliberative process privilege. Facts may be withheld under two general types of circumstances. Under the first circumstance, if the document's author selected specific facts or distilled down a smaller number of facts from a larger group, that act alone can be deliberative in nature. *See Montrose Chem. Corp. v. Train*, 491 F.2d 63, 71 (D.C. Cir. 1974). Under the second circumstance, facts may be withheld if they are so intertwined with the expressed opinions and recommendations that their disclosure would reveal the agency's deliberations. *See, e.g., Horowitz v. Peace Corps*, 428 F.3d 271, 277 (D.C. Cir. 2005). The facts included in the reports meet both circumstances, and were properly withheld under the deliberative process privilege.

3

*Exemption 6*

MEDCOM also withheld names of certain personnel under Exemption 6, which permits agencies to withhold information about individuals contained in "personal and medical files and similar files," if disclosure would "constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The requested records meet this threshold because they are "similar" files. *See Dep't of State v. Washington Post*, 456 U.S. 595, 602 (1982) (interpreting "similar files" broadly to include all information that "applies to a particular individual").

Having met this threshold, the names must be withheld if the individuals' privacy interest in them outweighs the public's interest in their disclosure. The privacy interest must be substantial, in that it is "more than de minimis[.]" *See e.g. Multi Ag Media LLC v. USDA*, 515 F.3d 1224, 1229-30 (D.C. Cir. 2008). Although the privacy interest belongs to the individual, it is the agency that must determine "whether disclosure ... would compromise a substantial ... privacy interest[.]" *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749 (1989). Given the sensitive nature of these reports, the personnel who are identified in them have significant privacy interests at stake.

These privacy interests must be balanced against the public's interest in disclosure. Specifically, the public's interest is "the kind of public interest for which Congress enacted the FOIA," one that "sheds light on an agency's performance of its statutory duties." *Reporters Comm.*, 489 U.S. at 775 (1989). Information that does not directly reveal the operations or activities of the Federal government "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Id.* At 775. The requester must establish that disclosure is in the public interest by showing that the "public interest sought to be advanced is a significant one," and that "the information [sought] is likely to advance that interest." *National Archives and Records Administration v. Favish*, 541 U.S. 157 (2004). Releasing the information MEDCOM withheld under Exemption 6 would not shed additional light on government activities. Thus, we concur with MEDCOM 's withholdings under Exemption 6.

*The March 8, 2010 Request*

Your second request sought all records and documents pertaining to COL Eisenhauer under the Madigan Personnel Health Program. To date, MEDCOM has not responded to this request. Accordingly, we have remanded your request back to MEDCOM with instructions that they process the request and respond directly to you. MEDCOM will either provide you with the records, or justify why some, or all, of the records are exempt from release under both the Privacy Act and the FOIA.

*Vaughn Index*

Your appeal also states that the Army has failed to provide you with a *Vaughn* index. Requesters are not entitled to receive a *Vaughn* index during the administrative process. *See e.g. Bangoura v. U.S. Dep't of the Army*, 607 F. Supp. 2d 134, 143 n.8 (D.D.C. 2009). Rather, during the administrative process, agencies are only required to provide requesters with an adequate description of the responsive records that were withheld. MEDCOM has satisfied this requirement with regard to your first request and will satisfy this requirement with regard to the second request when it responds to you on remand.

*Conclusion*

Normally, this office's appellate review constitutes final action on behalf of the General Counsel, who has been designated by the Secretary of the Army to consider administrative appeals under the FOIA. However, with regard to your appeal of your February 16, 2010 request, this is the first time that the Army has explained why the requested reports are exempt from the Privacy Act. Accordingly, you may submit a response to this office presenting your objections to the use of 5 U.S.C. § 552a(k)(2). With regard to your second, remanded request, you may appeal MEDCOM's response to this office. Alternatively, you may choose to seek judicial review of this determination through the Federal court system in accordance with the FOIA, 5 U.S.C. § 552(a)(4)(B), and the PA, 5 U.S.C. § 552a(g)(1).

Sincerely,

Ronald J. Buchholz
Associate Deputy General Counsel



RAYMOND H. SUTTLE
B.H. MILLNER
RALPH H. GOLDSTEIN
JOHN T. TOMPKINS, III
CONRAD H. SHIELD, III
DAVID W. OTEY
HERBERT V. KELLY, JR.
ALLEN C. TANNER, JR.
RICHARD B. DONALDSON, JR.
DAVID W. OTEY, JR.
MICHAEL B. WARE
ROBYN HYLTON HANSEN
LEONARD C. HEATH, JR.
RAYMOND H. SUTTLE, JR.
BRYAN H. SCHEMPF
HELENA S. MOCK
MATTHEW D. MEADOWS
J VANCE STALLINGS
SUSAN E. LUSCOMB
WALLACE B. WASON, JR.

# Jones, Blechman, Woltz & Kelly, P.C.
## Attorneys and Counselors at Law

SEFTON H. WOLTZ, 1916-1993
THOMAS N. DOWNING, 1919-2001
SVEIN J. LASSEN, 1947-2006
HERBERT V. KELLY, 1920-2007

REBECCA L. SHWAYDER AHAN
JENNIFER L. MUSE
NICHOLAS R. HOBBS
JOSEPH F. VERSER
GENEVA N. PERRY
CHRISTOPHER L. RATHLEV
ROBERT Q. JOHNSON

701 TOWN CENTER DRIVE, SUITE 800
POST OFFICE BOX 12888
NEWPORT NEWS, VIRGINIA 23612-2888
(757) 873-8000
FACSIMILE: (757) 873-8103

485 McLAWS CIRCLE
WILLIAMSBURG, VIRGINIA 23185
(757) 259-5700
FACSIMILE: (757) 259-5717

REPLY TO: Newport News
Direct Dial No. (757) 873-8110
Internet E-Mail Address: bschempf@jbwk.com

March 8, 2010

## <u>VIA REGULAR, ELECTRONIC AND CERTIFIED MAIL RETURNED-RECEIPT</u>

Colonel Jerome Penner, III
Commander, Madigan Army Medical Center
9040 Fitzsimmons Avenue
Ft. Lewis, Washington  98431

Re:  Colonel Michael D. Eisenhauer - Freedom of Information Act/Privacy Act Request

Dear Colonel Penner:

Based on your email message to Colonel Michael D. Eisenhauer on February 8, 2010, you are aware that I am one of his civilian attorneys. Please regard this letter as his request for a complete copy of all records and documents pertaining to him under the Madigan Personnel Health Program ("MPHP") which has been established by MAMC Regulation 40-60 and Army Regulation 40-68. This request includes but is not limited to any referral of Colonel Eisenhauer to the MPHP; any minutes of the MPHP Committee that pertain to Colonel Eisenhauer; any statement of diagnosis, prognosis and implications by the MPHP psychiatrist or other evaluator; and all monthly or other periodic reports pertaining to Colonel Eisenhauer under the MPHP. This request is submitted under the provisions of both the Freedom of Information Act and the Privacy Act. Colonel Eisenhauer is prepared to pay reasonable search and photocopying costs but requests that such costs be waived in the interest of justice as authorized by regulation.

It is my understanding that these records are presently co-located with the Credentials Committee administrator's office. They are approximately ¾ inches thick. I would appreciate your taking such action as will ensure that these records are not destroyed, altered or removed. I am sending a copy of this letter to John P. Peterson, Chief of the Freedom of Information/Privacy Act Office at Headquarters, MEDCOM so he will be aware of this request.

Jones, Blechman, Woltz & Kelly, P.C.

Page 2

It is my understanding that Major General Horoho had directed that any and all references to Colonel Eisenhauer as having been referred to the MPHP were to be expunged. Colonel Eisenhauer recently reviewed his Provider Credentials File after having met with Major General Horoho, and his records still contained references to the MPHP. Accordingly, Colonel Eisenhauer requests a copy of any and all documents pertaining to any such expungement or similar action pertaining to him as is believed to have been directed by Major General Horoho. Once again, this request is submitted pursuant to the Freedom of Information Act and the Privacy Act.

If I can assist your staff in processing these requests, please ask them to contact me at my Newport News office listed above. Thank you for your assistance.

Very truly yours,

JONES, BLECHMAN, WOLTZ & KELLY, P.C.

Bryan H. Schempf

BHS/acr

cc:   John P. Peterson, MEDCOM FOIA/PA Coordinator
      Colonel Michael D. Eisenhauer
      Denice Moewes, Attorney at law

(#482338)/65673.003



**DEPARTMENT OF THE ARMY**
OFFICE OF THE GENERAL COUNSEL
104 ARMY PENTAGON
WASHINGTON DC 20310-0104

February 14, 2011

Mr. Bryan H. Schempf
Jones, Blechman, Woltz & Kelly, P.C.
701 Town Center Drive, Suite 800
Newport News, Virginia 23612-2888

Dear Mr. Schempf:

This letter responds to your Freedom of Information Act (FOIA) appeal on behalf of your client, COL Michael Eisenhauer, dated November 22, 2010. You appealed the U.S. Army Medical Command's (MEDCOM) withholding of Madigan Personnel Health Program (MPHP) records relating to COL Eisenhauer .

We apologize for the delayed response to your appeal. The Army must address a large volume of FOIA demands and cannot always respond to appeals as quickly as we would like. We make it our practice to respond to appeals in the order received. The courts have sanctioned this method of handling FOIA cases. *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 614-16 (D.C. Cir. 1976).

*Background*

On September 10, 2010, this office reviewed your initial FOIA appeal, dated June 24, 2010. That appeal addressed two separate, but related FOIA requests. The first request, dated February 16, 2010 sought two reports of investigation. This office determined that MEDCOM properly withheld one of the reports of investigation in its entirety, and that it properly withheld portions of the second one under Exemptions 3, 5, and 6 of the FOIA. 5 U.S.C. § 552(b)(3), (b)(5), (b)(6).

Your June 24, 2010 appeal also sought records responsive to a second FOIA request, dated March 8, 2010. Specifically, this request sought all Madigan Personnel Health Program (MPHP) records pertaining to COL Eisenhauer. This office determined that MEDCOM had not responded to this request. Accordingly, on September 10, 2010, we remanded this request back to MEDCOM with specific processing instructions.

On October 19, 2010 MEDCOM responded to you, referencing our remand. MEDCOM stated that the responsive MPHP records were exempt under both the Privacy Act and the FOIA. MEDCOM cited 5 U.S.C. § 552a(k)(2) as the provision in the Privacy Act that exempts the MPHP records from disclosure under that statute and 5 U.S.C. § 552(b)(3) as the provision in the FOIA that exempts them from disclosure under that statute.

EXHIBIT
8

Your appeal contends that MEDCOM's assertion that the MPHP records are exempt from the Privacy Act is incorrect because it is based on MEDCOM's misconstruing this office's Privacy Act analysis with regard to your separate request for reports of investigation. After review, we have determined that, although you are correct that the records are not subject to 5 U.S.C. § 552a(k)(2), that is because the responsive records are not themselves subject to the Privacy Act, 5 U.S.C. § 552a. Because they are exempt, COL Eisenhauer's right of access to the records is limited to the right of access provided for by the FOIA. Thus, MEDCOM properly withheld them under Exemption 3 of the FOIA. Accordingly, your appeal is denied.

### The Privacy Act

The Privacy Act, 5 U.S.C. § 552a, provides individuals with a mandatory right of access to records about themselves. 5 U.S.C. § 552a(d)(1). This right of access is limited to records that are subject to the Privacy Act. To be subject to the Privacy Act, a document must be a "record" maintained in a "system of records." *See* 5 U.S.C. § 552a(a)(4)-(5). Although the MPHP records meet the Privacy Act's definition of a "record," they are not always maintained in a "system of records." In this case, the responsive MPHP records were not, in fact, maintained in a system of records, and thus, are not subject to the Privacy Act.

A system of records is "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, [etc.]." 5 U.S.C. § 552a(a)(5). Both the courts and the OMB Guidelines strictly construe this definition to require not only that the records are indexed or retrievable by name or personal identifier, but also that the agency "does, in fact, retrieve records about individuals by reference to some personal identifier." 40 Fed. Reg. 28,948, 28,952 (July 9, 1975).

Army Regulation 40-68, *Clinical Quality Management*, provides that both the Provider Credentials File (PCF) and the Provider Activity File (PAF) will be maintained in a system of records, arranged according to the Provider's name. However, quality assurance committee minutes and records are not always a part of a PCF or PAF. Rather, they only become part of the PCF or PAF if a quality assurance adverse action is taken against an individual. In this case, no adverse action was taken against COL Eisenhauer. The quality assurance committee minutes about him did not become part of a PCF or PAF. Therefore, they were not maintained in a system of records and are not subject to the Privacy Act. Because the records are not subject to the Privacy Act, COL Eisenhauer's right of access is limited to the FOIA.

### FOIA Exemption 3

MEDCOM withheld the responsive quality assurance committee minutes under Exemption 3. 5 U.S.C. § 552(b)(3). Exemption 3 permits the Government to withhold

information under the FOIA when it is prohibited from disclosure by another statute that either: "(A) requires that the matters be withheld from the public in such a manner as to leave no discretion in the issue, or (B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." *Id.*

MEDCOM cited 10 U.S.C. § 1102 as the basis for its withholding under Exemption 3. 10 U.S.C. § 1102 protects the confidentiality of records, including medical quality assurance records, created by or for the Department of Defense as part of a medical quality assurance program. Section 1102(a) meets Exemption 3's requirements because it states that such records may not be disclosed to any person or entity, except as provided in certain exceptions identified in Section 1102(c). Likewise, Section 1102(f) specifically provides that medical quality assurance records "may not be made available to any person under section 552 of title 5." Your appeal did not cite any applicable exception from 1102(c) and our own review concluded that no exceptions apply. Accordingly, MEDCOM properly withheld the responsive records.

This letter constitutes final action on behalf of the General Counsel, who has been designated by the Secretary of the Army to consider appeals under the FOIA. You may seek judicial review of this determination through the federal court system in accordance with the provisions of the FOIA, 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Ronald J. Buchholz
Associate Deputy General Counsel